IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| BRYON LEE JONES, | ) | |
| | ) | CASE NO. BK19-81491 |
| Debtor(s). | ) | A19-8027 |
| BRENDA PAPILLON, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| BRYON LEE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 11). James Polack represents the plaintiff, and the debtor is representing himself. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

This adversary proceeding arises from the contentious ending of the parties' romantic relationship in 2014. Expecting a combative custody dispute over their young children, Mr. Jones placed a recording device in Ms. Papillon's home in Iowa without her knowledge or consent. He recorded her conversations concerning, among other things, anticipated legal strategies for the custody hearing, and attempted to use those recordings to gain an emotional and litigational advantage.

Under Iowa law, recording someone without their knowledge or consent is illegal. Iowa Code § 808B.2. Ms. Papillon brought a state court civil action against Mr. Jones for damages resulting from his unauthorized interception of her communications, pursuant to Iowa Code § 808B.8. After various appeals and remands, Mr. Jones was found to have willfully, maliciously, and recklessly violated the law against intercepting and disclosing oral communications. Ms. Papillon was awarded actual and punitive damages and attorney fees for her counsel's trial and

appellate work.[1] Ms. Papillon began collection efforts thereafter, and Mr. Jones filed a Chapter 13 bankruptcy petition in this court on October 4, 2019.

Ms. Papillon then filed this adversary proceeding to have the debt owed to her declared non-dischargeable, and has now moved for summary judgment. The complaint states that the non-dischargeability action is brought under 11 U.S.C. §§ 523(a)(2)(A)[2] and (a)(6)[3], but the complaint, summary judgment motion, evidence, and briefs focus only on "willful and malicious injury" under § 523(a)(6), so it appears the plaintiff has abandoned her § 523(a)(2)(A) cause of action.

The Bankruptcy Code's exception to discharge under § 523(a)(6) for debts arising from willful and malicious injury by a debtor is not applicable in Chapter 13. § 1328(a)(2) and (4); *Handeen v. LeMaire (In re LeMaire)*, 898 F.2d 1346, 1348 (8th Cir. 1990). However, in 2005, Congress added to Chapter 13 a narrower exception for such injuries: debts "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual" are not dischargeable. § 1328(a)(4). Courts have noted three significant differences between § 523(a)(6) and § 1328(a)(4):

> (1) it applies to "willful *or* malicious" injuries instead of to "willful *and* malicious" injuries; (2) it applies to personal injuries or death and not to injuries to property; and (3) it applies to restitution and damages "awarded in a civil action against the debtor" as a result of such injuries.

*Waag v. Permann (In re Waag)*, 418 B.R. 373, 377 (B.A.P. 9th Cir. 2009).

Ms. Papillon's counsel recognized this legal issue in the course of researching the law, and filed a reply brief focused on whether the harm to Ms. Papillon constituted a personal injury for which the damages awarded to her would be non-dischargeable.

---

[1] The Polk County (Iowa) District Court awarded Ms. Papillon $2,076.55 in actual damages, $18,000 in punitive damages, $15,350.80 in attorney fees, and $17,690 in appellate attorney fees, plus interest. The Iowa Court of Appeals affirmed that order. *Papillon v. Jones*, Case No. 17-2020, 2019 WL 1492657 (Iowa Ct. App. Apr. 3, 2019). The district court subsequently awarded Ms. Papillon another $7,951 in appellate attorneys' fees in an order filed July 15, 2019.

[2] That subsection prohibits the discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]"

[3] That subsection prohibits the discharge of a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

The Bankruptcy Code does not define the term "personal injury," although it uses the term or a variation numerous times. *Compare* § 523(a)(6) *with* § 1328(a)(4) (indicating that "personal injury" in § 1328(a)(4) was meant to exclude injuries to property); likewise *compare* § 1328(a)(4) *with* § 522(d)(11) (Congress's use of "personal bodily injury" in § 522(d)(11) suggests that the use of an unrestricted version of personal injury in § 1328(a)(4) means "personal injury" should be construed broadly). Only a handful of reported cases have addressed the scope of the term in § 1328(a)(4), but those cases have concluded that non-physical injuries to an individual, caused by a debtor's willful or malicious conduct, are covered. Such injuries include invasion of privacy (*B.B. v. Grossman (In re Grossman)*, 538 B.R. 34 (Bankr. E.D. Cal. 2015)); intentional infliction of emotional distress (*Adams v. Adams (In re Adams)*, 478 B.R. 476 (Bankr. N.D. Ga. 2012) and *Grossman*, *supra*); defamation (*Adams, supra*); public nuisance caused by barking dogs (*Krein v. Szewc (In re Szewc)*, 568 B.R. 348 (Bankr. D. Or. 2017)); and civil harassment via text messages (*Plys v. Ang (In re Ang)*, 589 B.R. 165 (Bankr. S.D. Cal. 2018)).

The *Grossman* decision, which found damages caused by the debtor's internet posting of "revenge porn" to be non-dischargeable, determined that the debtor's invasion of the plaintiff's privacy by public disclosure of private facts was a personal injury under the Restatement (Second) of Torts. 538 B.R. at 43. A corollary can be drawn to the present case in that Iowa Code chapter 808B is intended to protect reasonable expectations of privacy in oral communications. *Papillon v. Jones*, 892 N.W.2d 763, 770 (Iowa 2017); *Iowa Beta Chapter of Phi Delta Theta Fraternity v. State of Iowa*, 763 N.W.2d 250, 261 (Iowa 2009). Mr. Jones' actions violated Ms. Papillon's reasonable expectations of privacy in her communications, as determined by the state court, and for that he was ordered to pay damages to her. Accordingly, the state court judgment was for a personal injury suffered by Ms. Papillon.

The evidence before the court indicates the injury to Ms. Papillon was willful and malicious. The Eighth Circuit Court of Appeals has defined those terms for purposes of § 523(a)(6), and the definitions are applicable in § 1328 as well. The term "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional. If the debtor knows that the consequences are certain, or substantially certain, to result from his conduct, the debtor is treated as if he had, in fact, desired to produce those consequences. *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008). A "malicious" injury is one that is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause harm. *Jamrose v. D'Amato (In re D'Amato)*, 341 B.R. 1, 4-5 (B.A.P. 8th Cir. 2006).

Mr. Jones argues that his actions do not meet the required standards of willfulness or maliciousness, citing the Iowa Court of Appeals' opinion reversing the initial award of punitive damages because the lower court had not made specific findings on those elements. However, that opinion is not the final statement on willfulness and maliciousness, as the Polk County District Court addressed the punitive damages again on remand and made specific and detailed findings as to the willful, reckless, and malicious nature of Mr. Jones's actions. In that order, which is final, the Polk County District Court stated:

> Defendant intentionally recorded Plaintiff's private conversations. After being placed on notice that his actions were illegal, Defendant nonetheless disclosed the

> recordings and/or endeavored to disclose them to third parties in order to use them against Plaintiff in the child custody litigation. He continued to threaten her with them and hold them over her head until the day of trial. Defendant clearly knew what he was doing when he did it, and he did so willfully, maliciously, and in reckless violation of the law.

Order on Remand, at 5-6 (Fil. No. 11-3, at pp. 7-8 of 16).

Other arguments made by Mr. Jones in his brief in opposition to the summary judgment motion appear to be attempts to relitigate the underlying action by raising issues that were or should have been raised before the state court. Those arguments are unavailing here, as lower federal courts, including bankruptcy courts, lack subject matter jurisdiction to engage in appellate review of state court determinations made before the federal case commenced. *Goetzman v. Agribank, FCB (In re Goetzman)*, 91 F.3d 1173, 1177 (8th Cir. 1996) (citing *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990)).

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

For the reasons stated above, I find that Ms. Papillon has met the three elements of excepting a debt from discharge under § 1328(a)(4): she holds a civil court judgment for personal injury resulting from Mr. Jones's willful and malicious conduct. Under 11 U.S.C. § 1328(a)(4), that debt is excepted from discharge.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 11) is granted. The debt at issue is excepted from discharge under 11 U.S.C. § 1328(a)(4). The plaintiff's cause of action under 11 U.S.C. § 523(a)(2)(A) is deemed abandoned. Separate judgment will be entered.

DATED: February 25, 2020.

BY THE COURT:

/s/Thomas L. Saladino
Chief Judge

Notice given by the Court to:
 *James Polack
 Bryon Lee Jones
 U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.